UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CASE ACTION NO: __3:18-cv-119-CRS__<br>*Electronically filed* |
| TWENTY-THREE THOUSAND<br>DOLLARS IN UNITED STATES<br>CURRENCY ($23,000.00). | DEFENDANT |

### VERIFIED COMPLAINT
### FOR FORFEITURE IN REM

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Twenty-Three Thousand Dollars in United States currency ($23,000.00).

### JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant

*in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Twenty-Three Thousand Dollars in United States Currency ($23,000.00). Officers with the Louisville Metro Police Department (LMPD) seized this property from a residence located on South 44th Street in Louisville, Kentucky, on or about September 19, 2017. The Drug Enforcement Administration (DEA) began administrative forfeiture proceedings against this property, during which LaDonna Blincoe filed the only claim (received by DEA on or about November 30, 2017). The defendant property is currently in the custody of the United States Marshals Service.

## THE LAW

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act (21 U.S.C. §§ 841 and 846); 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## SUMMARY OF RELEVANT FACTS

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Detective Daryl Neese, which is attached hereto as Exhibit "A", and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

8. The defendant property is money furnished or intended to be furnished in exchange for a controlled substance (or traceable thereto) and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff respectfully requests:

1. that the Court issue a warrant for the arrest and seizure of the defendant property;

2. that notice of this action be given to all persons known or thought to have an interest in or right against the property;

3. that the defendant property be forfeited and condemned to the United States of America;

4. that the plaintiff be awarded its costs and disbursements in this action; and

5. for such other and further relief as this court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, Daryl Neese, am a Detective with LMPD. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

Det. Daryl Neese, LMPD

Dated: 2/26/18

Subscribed and sworn to before me this 26th day of February, 2018.

Notary Public
My Commission expires: 11/29/2018

✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ❒ 1  U.S. Government Plaintiff
- ❒ 2  U.S. Government Defendant
- ❒ 3  Federal Question (U.S. Government Not a Party)
- ❒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - Med. Malpractice | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal 28 USC 157 | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 365 Personal Injury - Product Liability | ❒ 625 Drug Related Seizure of Property 21 USC 881 | | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | ❒ 368 Asbestos Personal Injury Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 460 Deportation |
| ❒ 151 Medicare Act | ❒ 340 Marine | ❒ 370 Other Fraud | ❒ 650 Airline Regs. | ❒ 830 Patent | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❒ 345 Marine Product Liability | ❒ 371 Truth in Lending | ❒ 660 Occupational Safety/Health | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal Property Damage | ❒ 690 Other | | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ❒ 810 Selective Service |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | | | ❒ 720 Labor/Mgmt. Relations | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge 12 USC 3410 |
| ❒ 196 Franchise | | | ❒ 730 Labor/Mgmt.Reporting & Disclosure Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate Sentence | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | ❒ 892 Economic Stabilization Act |
| ❒ 220 Foreclosure | ❒ 442 Employment | **Habeas Corpus:** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 893 Environmental Matters |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ Accommodations | ❒ 530 General | ❒ 791 Empl. Ret. Inc. Security Act | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 240 Torts to Land | ❒ 444 Welfare | ❒ 535 Death Penalty | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 895 Freedom of Information Act |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 540 Mandamus & Other | | | ❒ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | ❒ 550 Civil Rights | | | ❒ 950 Constitutionality of State Statutes |
| | ❒ 440 Other Civil Rights | ❒ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ❒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from another district (specify)
- ❒ 6 Multidistrict Litigation
- ❒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
                                                                          Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

# AFFIDAVIT IN SUPPORT OF COMPLAINT FOR FORFEITURE

1. I am currently a detective with the Louisville Metro Police Department (LMPD) assigned to the Major Case Unit (MCU) within the Narcotics division. I have been a sworn police officer with the LMPD for almost ten years, and assigned to my current division for the past three years. I have received specialized training on the way that illegal drugs are cut, packaged and transported. I have personally be involved in and conducted several investigations into the way that illegals drugs (including heroin, cocaine, and marijuana) are cut, transported and sold. This affidavit is based upon my personal knowledge and upon information reported to me by Federal and local law enforcement officers and others with knowledge of the facts of this case.

2. Based upon my training, experience, and my participation in this investigation and others, I am aware that individuals engaging in drug trafficking and/or money laundering:

   a. often maintain on hand large amounts of U.S. Currency in order to maintain and finance their ongoing controlled substances and/or money laundering business;

   b. utilize secondary addresses to store illegal narcotics, firearms and the proceeds from the distribution of illegal narcotics and that such addresses are referred to as "stash locations";

   c. utilize vehicles to transport illegal narcotics and/or proceeds from the distribution of illegal narcotics and that such individuals build hidden compartments in vehicles to conceal illegal narcotics, firearms and/or the proceeds their distribution.

   d. often maintain books, records, receipts, notes, ledgers, airline tickets, and money orders (in their own names, false identities, or in the names of businesses or third-party nominees) relating to the illegal distribution of controlled substances;

   e. commonly maintain addresses or telephone numbers in books or papers, which reflect names, addresses and/or telephone numbers for their associates in the trafficking and/or money laundering organization;

   f. that it is common for persons involved in large-scale drug trafficking to maintain evidence pertaining to their obtaining, secreting, transfer, concealment and or expenditure of controlled substances proceeds, such as: firearms, currency, financial instruments, precious metals and gemstones, jewelry, books, records, invoices, receipts, records of real estate transactions, bank statements and related records, passbooks, money drafts, letter of credit, money orders, bank drafts, cashier's checks, safe deposit box keys and money wrappers. These items are maintained by drug traffickers and/or money launderers in their own names, false identities, or in the names of third-party nominees, within their residences, vehicles, businesses or other locations which they maintain dominion and control over;

g. that drug traffickers and money launderers at times become fearful that their extravagant spending habits will bring them under scrutiny by the Internal Revenue Service or other federal, state, or local agencies. In order to legitimize their spending, these traffickers and/or their family members(s) file tax returns reporting income commensurate with the amount of money they have spent during the year, which they feel can be traced and documented by the government. The "source" of their income reported on these returns is usually falsely stated, misleading or generic in terms. Retained copies of these returns are commonly kept by the traffickers in their residences and businesses or electronically in computer systems, computer data storage diskettes, CD-ROMS, or other electronic data storage systems;

h. commonly utilize pre-paid cellular telephones and pre-paid telephone calling cards as they provide portable means of communication which they are often able to purchase or utilize anonymously or in a fraudulent name making it more difficult for law enforcement to investigate;

i. often utilize electronic equipment such as computers, computer data storage mediums (disks, "thumb-drives", etc.), telex machines, facsimile machines, currency counting machines, telephone answering machines, personal data assistants, cellular telephones, and other electronic storage mediums to generate, transfer, count, record and/or store the information used in the commission of drug trafficking.

j. regularly travel to purchase and establish connections for purposes of distributing controlled substances and/or recovering/delivering drug proceeds. That drug traffickers and money launderers will transport or facilitate the transportation of drugs and/or associated illegal proceeds (bulk currency) to be transported to the areas in which they will distribute or deliver it and that the methods of transportation include, but are not limited to, commercial airline, rental or private automobiles, commercial vehicles and private parcel carriers.

k. that the aforementioned books, records, receipts, notes, ledgers, airline tickets, money orders, financial instruments, currency and other documents, as well as the electronic data storage items, are maintained where the drug traffickers and money launderers have ready access to them such as on their person, in their vehicles, in their residences, or other locations over which they maintain dominion and control.

3. Your Affiant was involved in the investigation of a criminal drug trafficking organization (DTO) engaged in the distribution of heroin and cocaine that operates in Louisville, Kentucky. The investigation identified Ronald BLINCOE as a drug trafficker distributing

multiple quantities of heroin and cocaine that utilized the following locations (complete address omitted for privacy reasons): an apartment on Cecil Avenue, a house on South 44th Street and a location on Ellerholt Court Louisville, Kentucky, in furtherance of his drug trafficking. The Affiant has identified these locations through narcotics purchases and surveillance as detailed below.

4. As a result of this investigation, Ronald BLINCOE was charged with 2 counts of possession of a firearm/handgun by convicted felon, trafficking in marijuana, and trafficking in controlled substance 1st degree, which is pending in Jefferson District Court (Case No. 17-F-011521). BLINCOE has a narcotics criminal history of 05-CR-003257, trafficking in marijuana, 8oz to <5LBS, 1st offense; 12-CR-003123, trafficking in controlled substance 1st degree, (<4gms cocaine) and has a current pending charge of possession of marijuana, 17-M-012677.

5. Members of law enforcement developed a Confidential Informant (identified as CI1) who has identified BLINCOE as a heroin and cocaine dealer in the Louisville, Kentucky area. Affiant has met with CI1 on multiple occasions and personally knows their identity. CI1 has given information and engaged in at least four controlled purchases, from August 2017 through September 2017 and has been determined to be credible. CI1's has also been determined to be credible through their knowledge of the way narcotics are packaged, transported, and sold. Information CI1 has provided has been corroborated by law enforcement and is cooperating with law enforcement for leniency on pending drug charges.

6. To date, CI1 has made four controlled purchases, three heroin purchases and one cocaine purchase from BLINCOE totaling approximately 1 gram of cocaine and 4.4 grams of heroin from August 2017 through September 2017. Each time heroin was purchased by CI1 from BLINCOE, the substance was acquired and field tested by Affiant with a positive result. These field tests have been proven reliable by Affiant. Three of the four heroin and cocaine purchases from BLINCOE were set up by recorded telephone conservations to him by CI1 that were facilitated by investigators. Investigators also verified that the numbers dialed were BLINCOE's either through physical observation or through toll records.

7. CI1 identified the following locations where CI1 has met BLINCOE on multiple occasions to purchase illegal narcotics: Cecil Avenue, South 44th Street, and Ellerholt. The Affiant has identified all three of these locations to be utilized by BLINCOE and has personally observed BLINCOE at all three locations.

8. During this investigation, fixed video surveillance of BLINCOE's Cecil Avenue apartment was installed. This investigation has also received court authorization to install GPS tracking devices on vehicles utilized by BLINCOE.

9. In early July of 2017, at approximately 2006 hours, a maroon sedan arrived at Cecil Ave. An unknown black male exited the sedan preceded to BLINCOE's residence and appeared to enter. After a short period of time, the same male exited, and returned to the maroon sedan and departed the area. A subsequent traffic stop of the vehicle yielded a small amount of marijuana. The operator of the vehicle (whose identity is omitted from this affidavit) had several narcotics related charges dating back to 2008.

10. In early September of 2017, members of the DEA and Louisville Metro Police Department (LMPD) formulated plans to use CI1 to make a controlled purchase of 2 grams of heroin, using $400 dollars of LMPD funds from Ronald BLINCOE. During that week, at approximately 1900 hours, a review of the court authorized GPS tracker for the Mercury indicated BLINCOE's vehicle to be in the area of South 44th Street, Louisville, KY. South 44th Street is a known address of LaDonna Blincoe, Ronald BLINCOE's sister, and is the address listed as BLINCOE's residence on his drivers' license.

11. LMPD established surveillance in the area of South 44th. At approximately 1910 hours, CI1 met with investigators. Under the direction of investigators, CI1 placed a call to a phone utilized by BLINCOE in order to confirm the deal. At approximately 1917 hours, CI1 and CI1's vehicle were searched for contraband with negative results. The CI1 was provided with $400 dollars of LMPD funds. CI1 was then followed from a neutral location to the area of Dixie Highway. While in route to the deal, BLINCOE instructed CI1 the transaction would occur at 43rd street, at the same time BLINCOE departed South 44th and travelled directly to Ellerholt Court where he arrived at approximately 1933 hours.

12. BLINCOE was observed to be the lone occupant of the Mercury and parked in the alley next to Ellerholt Court. Investigators knew Ellerholt Court had a detached garage in the rear of the residence next to the alley of which BLINCOE's vehicle was parked. Approximately two minutes later, the CI1 arrived at the meet location. At approximately 1939 hours, the CI1 notified investigators the two gram purchase of heroin from BLINCOE was complete. CI1 was followed to a neutral location by investigators while other members of law enforcement maintained surveillance of BLINCOE. As the CI1 departed the area, BLINCOE followed suit. BLINCOE travelled directly from Ellerholt Court to South 44th street. When CI1 and investigators met at the neutral location

investigators, recovered a clear plastic baggie containing 2.1 grams of heroin. CI1 was then debriefed regarding the transaction regarding their purchase from BLINCOE.

13. Based on the above controlled purchase and recorded conversation, as well as Affiant's training and experience, it is believed that BLINCOE traveled from South 44th Street to Ellerholt Ct. to procure heroin to sell to CI1 and returned to South 44th Street to stash the proceeds from that transaction. Further, it is believed that BLINCOE has a connection to a heroin source of supply and that he is using Ellerholt to facilitate the distribution of these illegal drugs.

14. Also in September of 2017, under the direction of the Affiant, a reliable confidential informant conducted a controlled purchase from BLINCOE at Ellerholt Ct; after the controlled purchase was completed BLINCOE was observed travelling directly to Cecil Ave.

15. On September 19, 2017, investigators obtained a sealed search warrant for S.44th Street, Ellerholt, and Cecil Ave., Louisville KY. LMPD narcotics detectives, SWAT, and multiple agents from the Louisville DEA office executed the search warrants. While conducting the search warrants, affiant and detectives located several items indicative of narcotics trafficking and the protection of narcotics trafficking. The seized items included (but not limited to): at the Cecil Ave location—261 grams of marijuana (.575 lbs), 11 white unknown pills, digital scale, $8608 US currency, and a cell phone; and at the Ellerholt location—a loaded Bushmaster AR-15, H&R .32 cal revolver, miscellaneous ammunition, 4.2 grams marijuana, 8 cell phones, security system, several digital scales, cut, and assorted paraphernalia for packaging narcotics. At the South 44th Street location, Detective Wes Parks' narcotics K9 Maya, who is a reliable, trained and certified drug detection dog, alerted to a black safe in the basement closet. Detectives opened the safe and once opened, they located several stacks of US currency wrapped in rubber bands. Law enforcement officers seized $23,000 from the black safe. Also found in the basement: male clothing and a marijuana roach.

16. On this same date, your affiant and DEA TFO Petter conducted a post-Miranda interview with BLINCOE that was recorded. During the interview, BLINCOE admitted that he used S. 44th as his address for probation and parole. He also stated that he keeps clothing at this location as well. When questioned about selling illegal drugs, BLINCOE admitted that he sold heroin, marijuana, and cocaine. When questioned about how much cocaine, he stated that he was selling about a half ounce to ounce a week. BLINCOE also stated that he dabbles in the heroin, but that he does not like to sell a lot of heroin because of the penalties involved. BLINCOE also stated that he used the basement bedroom on S. 44th

and that he kept his clothes at that location. BLINCOE was questioned about the safe, and BLINCOE then stated he and his sister both owned the safe and had access to it. BLINCOE did <u>not</u> say that the money located inside the safe belonged to his sister.

17. DEA began administrative forfeiture proceedings against the $23,000, and BLINCOE's sister LaDonna Blincoe filed the only claim. In her claim, she stated that she used this money to pay for her son's private school. She stated that she had taken 401k loans, hardship withdrawals and worked two jobs to save up this money. While Ms. Blincoe attached various documents to her claim (including W2s from one employer and a March 2016 loan document (for $16,000), she did not include any bank statements that would show loan and W2 deposits and corresponding cash withdrawals.

Your affiant believes that, based on the facts detailed within this affidavit and your affiant's training and experience, there is probable cause to believe that the $23,000 in US Currency ("defendant property") represents money furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act, specifically 21 U.S.C. §§ 841(a) and 846. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

AFFIANT FURTHER SAYETH NOT

Det. Daryl Neese, LMPD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA	PLAINTIFF

V.	CASE ACTION NO: __3:18-cv-119-CRS___
*Electronically filed*

TWENTY-THREE THOUSAND
DOLLARS IN UNITED STATES
CURRENCY ($23,000.00).	DEFENDANT

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:  THE UNITED STATES MARSHALS SERVICE
AND/OR ANY OTHER DULY AUTHORIZED LAW
ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the 28th day of February, 2018, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, and to take the defendant property into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.  This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M. Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097(fax)
amy.sullivan@usdoj.gov

cc:     United States Attorney (AMS) - two certified copies of order and
        two certified copies of the Verified Complaint